FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01118   Document 1   Filed 02/22/2008   Page 1 of 5

08 C 1118

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| Judy Nosek<br>9532 Lawrence Ct. #14<br>Schiller Park, IL 60176<br><br>  Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc<br>c/o C T Corporation System, Registered Agent<br>208 SO LaSalle St, Suite 814<br>Chicago, IL 60604<br><br>  Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

1

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around early November 2007, Defendant telephoned Plaintiff's father's house and left an urgent message for Plaintiff to contact Defendant.

10. Plaintiff returned Defendant's call in or around early November 2007.

11. During this communication, Defendant asked Plaintiff when Plaintiff intended to pay the bill.

12. Plaintiff informed Defendant that Plaintiff had been out of work and was unable to pay the bill.

13. Defendant replied, in a hostile and sarcastic tone, "Have you thought of looking for a job?"

14. Defendant then accused Plaintiff of charging the debt with no intention to pay.

15. Defendant threatened to send a letter to the State of Illinois indicating Plaintiff's refusal to pay the debt.

16. Defendant further threatened that there would be a warrant put out for Plaintiff's arrest.

17. Defendant then old Plaintiff that not paying the debt was the same as walking into a bank and stealing money.

18. Defendant again threatened that there would be someone coming with a warrant for Plaintiff's arrest.

19. Defendant then threatened that Plaintiff would be handcuffed and taken away because "that is what happens when you do not pay your bills."

20. As a result of this communication, Plaintiff was terrified that the police were going to come to her house and arrest her.

21. Every time Plaintiff's doorbell rang, Plaintiff feared that the police were at Plaintiff's door to handcuff and arrest Plaintiff.

22. Plaintiff suffers from depression and anxiety based mental disorders.

23. Defendant's threats greatly aggravated Plaintiff's condition.

24. As a result of Defendant's threats, Plaintiff had to seek extra assistance from Plaintiff's mental health provider.

25. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

26. Plaintiff intended to pay the debt when it was incurred.

27. Defendant had no intention of sending a letter to the State of Illinois indicating that Plaintiff refused to pay the debt.

28. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:____/s/ Jeffrey S. Hyslip_____
     Jeffrey S. Hyslip
     Attorney for Plaintiff
     20 W. Kinzie Street, Suite 1300
     Chicago, IL 60610
     Telephone: 866-339-1156
     Email: jsh@legalhelpers.com